GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625
Attorney for Defendant, New Jersey Catastrophic Illness in Children Relief Fund Commission

By:   Michael R. Sarno (N.J. Bar ID #028492004)
      Deputy Attorney General
      (609) 376-3200
      Michael.Sarno@law.njoag.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| R.Z.,<br><br>         Plaintiff,<br><br>    v.<br><br>NEW JERSEY CATASTROPHIC ILLNESS IN CHILDREN RELIEF FUND COMMISSION,<br><br>         Defendant. | HON. _____,<br>                     U.S.D.J.<br><br>CIVIL ACTION NO. _____<br><br>**NOTICE OF REMOVAL** |

**TO THE CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:**

   This Notice of Removal having been opened to the Court by counsel - Gurbir S. Grewal, Attorney General of New Jersey, and Deputy Attorney General Michael R. Sarno - appearing on behalf of Defendant, New Jersey Catastrophic Illness in Children Relief Fund Commission ("Commission"), and in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446, states the following:

1. The Commission is a defendant in a civil action brought in the Superior Court of New Jersey, Law Division, Middlesex County, entitled *R.Z. v. New Jersey Catastrophic Illness in Children Relief Fund Commission*, bearing Docket Number MID-L-1450-21.

2. The United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. This action is removable to the District Court pursuant to 28 U.S.C. § 1441(a).

4. Plaintiff, R.Z., filed her Amended Complaint with the Superior Court of New Jersey, Law Division, Middlesex County, on or about March 17, 2021. The Summons and Amended Complaint were then officially served upon the Commission on or about April 21, 2021.[1] (*See* attached hereto as Exhibit A, Plaintiff's Summons and Amended Complaint).

5. The Second Count of the Amended Complaint asserts a federal statutory claim, alleging a violation of the "Federal Americans with Disabilities Act (ADA)." (*See* Ex. A, Pl. Am. Compl., Second Count, ¶ 2). Moreover, the First Count of the Amended Complaint can be reasonably construed as a federal constitutional claim, alleging a violation of "due process of law" for religious discrimination. *Id.* at First Count, ¶¶ 16,

---

[1] To the best of the Commission's knowledge and belief, the original complaint was never served on it. In that connection, Plaintiff has never filed any proof of service regarding service of the original complaint on the Commission.

19.

6. There are no other defendants named in this lawsuit. Thus, the Commission is unaware of any other party having been served with the Amended Complaint whose consent to removal would be required.

7. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1) and (3) - which allows the Commission to remove pursuant to 28 U.S.C. § 1331 on the basis of federal question jurisdiction - because it is filed within thirty (30) days of service of a copy of the Summons and Amended Complaint on the Commission.

**WHEREFORE**, the Commission respectfully requests that the action now pending in the Superior Court of New Jersey, Law Division, Middlesex County, entitled *R.Z. v. New Jersey Catastrophic Illness in Children Relief Fund Commission*, bearing Docket Number MID-L-1450-21, be removed to this Court.

></br>
> GURBIR S. GREWAL
> ATTORNEY GENERAL OF NEW JERSEY
>
> By: /s/ *Michael R. Sarno*
> Michael R. Sarno
> Deputy Attorney General

Date: May 13, 2021

-4-

# **<u>EXHIBIT A</u>**

-4-

**ELIAS L. SCHNEIDER, ESQ.**
ID# 229161967
4 West Prospect St
East Brunswick, NJ 08816
732-259-4471
(732) 254-1208 (fax)
Eliasschneider@comcast.net
**Attorney for Plaintiffs**

-------------------------------------------X

**Plaintiffs,**
**R. Z.**
**vs.**

**Defendant,**
**NEW JERSEY CATASTROPHIC**
**ILLNESS IN CHILDREN RELIEF**
**FUND COMMISSION.**
-------------------------------------------X

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION:**
**MIDDLESEX COUNTY**

Civil Action
**Docket No. MID-1450-21**

**SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The amended complaint attached to this summons states the basis for this lawsuit. If you dispute this amended complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 20 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 20 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

*Michelle M. Smith*

Michelle M. Smith
Clerk of the Superior Court

DATED: April 19, 2021

Name of Defendant to Be Served: **NEW JERSEY CATASTROPHIC ILLNESS IN CHILDREN RELIEF FUND COMMISSION**

Address of Defendant to Be Served:
Catastrophic Illness in Children Relief Fund Commission
New Jersey Department of Human Services
P.O. Box 728
Trenton, NJ 08625- 0728

ATLANTIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

BERGEN COUNTY:
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

BURLINGTON COUNTY:
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

CAMDEN COUNTY:
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth St.
Camden, NJ 08103
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

CAPE MAY COUNTY:
Deputy Clerk of the Superior Court
9 N. Main Street

Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

CUMBERLAND COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

ESSEX COUNTY:
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

GLOUCESTER COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

HUDSON COUNTY:
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House-- 1st Floor
583 Newark Ave.
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

HUNTERDON COUNTY:
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

MERCER COUNTY:
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

MIDDLESEX COUNTY:
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

MONMOUTH COUNTY:
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

MORRIS COUNTY:
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

OCEAN COUNTY:
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

PASSAIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

SALEM COUNTY:
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5628
LEGAL SERVICES
(856) 451-0003

SOMERSET COUNTY:
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323

LEGAL SERVICES
(908) 231-0840

SUSSEX COUNTY:
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882

LEGAL SERVICES
(973) 383-7400

UNION COUNTY:
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715

LEGAL SERVICES
(908) 354-4340

WARREN COUNTY:
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882

LEGAL SERVICES
(973) 475-2010

ELIAS L. SCHNEIDER, ESQ.
ID# 229161967
4 West Prospect St
East Brunswick, NJ 08816
732-259-4471
(732) 254-1208 (fax)
Eliasschneider@comcast.net
Attorney for Plaintiffs

-------------------------------------------X

Plaintiffs,
R. Z.
vs.

Defendant,
NEW JERSEY CATASTROPHIC
ILLNESS IN CHILDREN RELIEF
FUND COMMISSION

-------------------------------------------X

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MIDDLESEX COUNTY

Docket No. MID-1450-21

AMENDED COMPLAINT

Plaintiff R. Z. residing in Monroe, NJ 08831, by way of Amended Complaint says:

## FIRST COUNT

(religious discrimination)

1. At all times here mentioned R. Z. was and is a minor who is being represented in this mater by her parents and natural guardian, hereafter, jointly referred to as "Plaintiff."

2. At all times here mentioned, the Catastrophic Illness in Children Relief Fund Commission (hereinafter referred to as the "Commission", is the public entity, charged with the administration of the Catastrophic Illness in Children Relief Fund Act, of the State of New Jersey, NJSA 26:2-148 et. seq. (2019).

3. At all times herein mentioned, Plaintiff suffers from a condition defined as a catastrophic illness in that it involves medical expenses not covered by insurance, and plaintiff otherwise satisfied income designations.

4. Plaintiff's medical condition requires out of network treatment to treat her need for "Emergent Care" or "serious illness" and is encompassed within NJ's definition of "urgent care":

NJAC 11:24-5.3 (b) reads as follows:

(b) Emergency and psychiatric care services shall include, but are not limited to:

\*\*\*

3. Coverage for out-of-service area medical care when medically necessary for urgent or emergency conditions where the member cannot reasonably access in-network services."

Said definition derives from NJAC Title 11 Insurance, Chapter 24 Heath care services, Subchapter 5.

5. Plaintiff has incurred damages, and will continue to require unique out-of-network medical services for her condition, including her learning disability and mental illness, both now and in the future.

6. Plaintiff has located a medical provider who is uniquely able to provide the unique medical services required by plaintiff.

7. Plaintiff is of the Jewish faith, the daughter of a Rabbi, and a practitioner of the Orthodox Chabad Jewish faith and culture.

8. Plaintiff's has special needs that can only be satisfied by attending

2

school in a Jewish community and setting, compatible with her religious beliefs and practices.

9. The closest school system that can satisfy her particular needs is in Lakewood, New Jersey.

10. Plaintiff is currently enrolled in, and attending a religious school in Lakewood, NJ,

11. Plaintiff has special needs that can only be met by a medical practitioner who is familiar with the Jewish cultural setting, Jewish educational system and its special and unique demands, needs, society, peer pressures, and mandates being experienced being imposed upon and experienced by Plaintiff.

12. Plaintiff duly filed an appropriate application and proof of the facts set forth above, from her treating doctor, Dr. Robyn Koslowitz, Ph.D. and by letter of the Defendant, dated February 8, 2021, and bearing a case or docket number of CICR#222492020, has been wrongfully denied the requested benefits to which she is entitled.

13. The sole basis for the denial was that the services rendered were performed by an out-of-network medical provider:

> "The Commission determined your application to be ineligible because the services were received from out-of-network providers or facilities. CICRF statute and regulations do not support payment for ambulatory services received from out-of-network providers or facilities, where the use of the out-of-network provider or facility by a child with comprehensive health insurance was not inadvertent, urgent, or due to an emergency." Denial letter of February 8, 2021.

3

14. The reasons for denial in said letter, fails to address many if not all of the grounds identified above as to why the relief should have been granted, and said grounds are not supported by any medical analysis which in any way disputes the medical report of Dr. Kosolowitz.

15. Plaintiff has suffered and will continue to suffer damages as a direct and proximate result of the said wrongful actions described above.

16. Defendant has failed and refuses to consider the special needs of plaintiff because of her religious beliefs and practices, and is otherwise discriminating against plaintiff because she is Jewish.

17. Plaintiff has suffered and will continue to suffer damages as a direct and proximate result of the said wrongful actions described above.

18. The wrongful conduct complained of, involved the actual participation in, willful indifference to, wrongful conduct on the part of upper management, and was otherwise especially egregious.

19. The aforesaid discrimination was so unjustifiable that it violated due process of law.

Wherefore Plaintiff demands judgment as follows:

1. Damages for her out of pocket medical expenses that defendant should have paid or otherwise reimbursed plaintiff.

2. Temporarily and permanently Ordering Defendant to pay for the

4

medical expenses which defendant should have not paid and advise her medical doctors that their bills will be paid by defendant.

3.     Attorney fees.

4.     Costs of suit

5.     Remanding the matter for reconsideration including any medical reports subsequently supplied by Plaintiff.

6.     Such other alternative relief as to this court shall seem equitable and just.

7.     Punitive damages.

## SECOND COUNT
### (Americans with Disabilities)

1. Plaintiff repeats the allegations of the First Count and makes the same a part hereof by direct reference thereto.

2. Plaintiff, by virtue of the aforementioned physical or mental problems, qualifies as an American with Disabilities and is entitled to the protections and guarantees of the said Federal Americans with Disabilities Act (ADA).

3. The Americans with Disabilities Act prohibits discrimination against people with disabilities in several areas, including access to state and local government programs and services.

4. The services that the Defendant offers the citizens of the State of New Jersey as specified in the aforementioned State statute, qualify

as public accommodations or are otherwise encompassed by, and are subject to, the mandates of the Federal Americans with Disabilities Act.

5. The Defendant, by the wrongful actions of set forth herein, has failed to make reasonable accommodations for Plaintiff, in supplying the mandated benefits to the Citizens of the State of New Jersey.

6. 42 U.S. Code § 15009 - Rights of individuals with developmental disabilities specifically addresses and encompasses the needs of plaintiff, and Defendant is in violation of such rights.

7. Plaintiff has suffered and will continue to suffer damages as a direct and proximate result of the said wrongful actions described above.

Wherefore Plaintiff demands judgment as follows:

1. Temporarily and permanently Ordering Defendant to pay for the expenses that should have been supplied to Plaintiff, and advise her medical doctors and providers that their bills will be paid by defendant.

2. If applicable, Attorney fees Title 42 - THE PUBLIC HEALTH AND WELFARE CHAPTER 126 - EQUAL OPPORTUNITY FOR INDIVIDUALS WITH DISABILITIES SUBCHAPTER IV - MISCELLANEOUS PROVISIONS Sec. 12205 - Attorney's fees (Pub. L. 101–336, title V, §505, July 26, 1990, 104 Stat. 371, §12205. "Attorney's fees" In any

action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

3. Remanding the matter for reconsideration including any medical reports subsequently supplied by Plaintiff.

4. Such other alternative relief as to this court shall seem equitable and just.

## CERTIFICATION PURSUANT TO R.4:51

Plaintiff has or intends to file an appeal to the Appellate Division regarding the February 8, 2021 denial of benefits which decision as limited to the issue of whether Plaintiff satisfied the exception to the administrative code provision prohibiting out-of-network medical providers and services unless the patient required urgent care. This complaint involves religious discrimination and ADA claims which could not be asserted until the aforementioned decision had been rendered. The matter in controversy is not the subject of any other action currently pending in any court. Plaintiff is not aware of any other parties which should be joined in this action.

## CERTIFICATION OF COMPLIANCE WITH RULE 1:38-7(c)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be

redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, ELIAS L. SCHNEIDER, Esq. is hereby designated as trial counsel in the above captioned matter.

## CERTIFICATION

This action is filed within 180 days of the wrongful actions complained of herein.

**LAW OFFICE OF ELIAS L. SCHNEIDER**
    **Attorney for Plaintiff**

    By: /s/ *Elias L. Schneider*
        Elias L. Schneider

**Dated:  March 17, 2021**